DANIEL W. LORD *vs.* INHABITANTS OF KENNEBUNKPORT.

*Exceptions.   Demand.*

In order to sustain an exception to a refusal to give a requested instruction the bill of exceptions must show enough of the evidence to establish, as a positive fact, that the excepting party really was aggrieved by the refusal; it is not sufficient to show inferentially, by a forced and unnatural construction of the statements of the exceptions, and in an improbable contingency, that he may possibly have been injured.

Where the requested instruction assumed that property received in adjustment of taxes was not equivalent in money value to the amount of those taxes, and that it was taken as a compromise settlement between the taxing town and the tax-payer, and the bill of exceptions did not state facts sufficient to support the proposed instruction, it was held that an exception to a refusal to give it must be overruled.

No demand is necessary before commencing suit to recover money paid under duress and protest.

ON EXCEPTIONS.

The facts sufficiently appear in the opinion.

*Peters & Wilson* and *Hampden Fairfield,* for plaintiff.

*Howard & Cleaves, S. W. Luques,* and *Edwin B. Smith,* for defendants.

Lord *v.* Inhabitants of Kennebunkport.

BARROWS, J. Lord sues the defendant town to recover back taxes assessed upon him as a resident thereof in the years 1865 and 1866, claiming that he was not liable to taxation for his poll and personal property in Kennebunkport in those years, but was then domiciled and taxable in Malden. Much and conflicting evidence was offered by the parties upon this question of Lord's domicil, and it is plain that it was the main question upon which the parties were at issue before the jury. It is stated in the exceptions that "the tax of 1865 (amounting to $2,839.60) was paid after arrest and under protest, August 20, 1866, by a check on Boston, which was exchanged by agreement for government bonds and cash to the amount of about $300, which were duly received by the town treasurer in payment;" and that "the tax of 1866 was committed to the collector of Kennebunkport, and in order to enforce the payment thereof he seized personal property of the plaintiff; and, to relieve his property from the seizure, he offered to pay this tax in town notes of the defendant town which had been given by the town of Kennebunkport to the soldiers of the last war, and the offer was accepted by the town by vote; and thereupon the collector took such notes as in payment for that tax, and passed the same notes to the treasurer of the town the same day, in October, 1867;" and that the treasurer "gave his receipt therefor, which is to be copied, and the note may be referred to." The exceptions further set forth that the defendants contended that "these transactions in respect to the taxes did not amount to payment in money, and that as respects the tax of 1866, the offer of the plaintiff, vote of the town, and doings of the collector aforesaid constituted a final settlement of that tax between the plaintiff and the town, and that this action cannot be maintained by him to recover back from the defendants the amount of the tax so settled;" and they requested the presiding judge to instruct the jury that if the plaintiff's domicil was not in the defendant town on the first of April in 1865 and 1866, still this action cannot be maintained without a previous demand for the money, of which there was no proof. Hereupon the defend-

ants now complain because this instruction was refused and the jury were instructed that if they found the plaintiff's domicil was in Malden on the 1st of April in the years 1865 and 1866, then their verdict should be for the plaintiff; and the plaintiff accordingly had a verdict covering both years' taxes. The complaint is well ·founded if there was any evidence upon which the jury might well have found either that the payments above described were not equivalent to payment by the plaintiff in money, or that the receipt of the town's notes for the tax of 1866 was, in substance and intent, a compromise of disputed claims between the parties. Without such evidence neither the positions for which it is stated the defendants contended, nor their exceptions, have any foundation. *Copeland* v. *Copeland*, 28 Maine, 525.

The plaintiff's claim was based not upon an alleged over-valuation or excessive taxation, but upon his legal right to recover that which he had been compelled to pay under an assessment which he alleged was totally illegal for want of jurisdiction in the assessors. If he maintained this allegation and showed a compulsory payment into the treasury of the defendants, his action was maintained. No proof of a demand previous to the commencement of the suit was necessary. *Look* v. *Industry*, 51 Maine, 375. Nor is it indispensable in cases of enforced wrongful payment to show that such payment was made in current money in order to recover it back· upon money counts. Money's worth, received in lieu of money, will suffice. *Hall* v. *Huckins*, 41 Maine, 578.

The requested instruction was rightfully refused, and that which was given must be deemed unexceptionable unless some question of fact, fairly raised by the evidence in the case, was thereby withdrawn from the jury. If such was the fact these exceptions do not show it. It may be taken for granted that the diligent and able counsel have omitted nothing consistent with truth in their statement of the defendants' grievances. It is not sufficient to show that, upon a forced and unnatural construction of the statements in the exceptions, and in an improbable contingency,

the excepting party may have been aggrieved. It is incumbent upon him to show that he actually was so.

If there was any evidence tending to show that the town did not have, in the check on Boston with which the tax of 1865 was paid, or in the government bonds and $300 cash for which that check was exchanged, a full equivalent for the money it would have been easy to say so. The tax of 1866 was paid in the notes of the defendant town. If there was any reason to consider them invalid the excepting party should have stated it. In like manner, if the transaction by which their own notes were received in payment of the tax of 1866 amounted to a compromise between the parties, and was not a mere agreement as to the mode in which payment of a disputed tax might be made, leaving the plaintiff's cause of action unimpaired, it was the duty of the defendants to have reported in their exceptions enough of the evidence, at least, to give color to their position. But we are not even furnished with the receipt which was to be copied as part of the exceptions, or the vote which either party was to be at liberty to refer to. The presumption is that no instruction was withheld which ought to have been given, and none given that was not correct and applicable to the testimony presented at the trial. Finding nothing in the case as it comes before us to overcome this presumption, the entry must be            *Exceptions overruled.*

APPLETON, C. J.; KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.